UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHIPPEWA COUNTY WAR
MEMORIAL HOSPITAL,

      Plaintiff,

v.

                                                 Case No. 2:16-CV-192

                                                 HON. GORDON J. QUIST

MICHIGAN NURSES ASSOCIATION,

      Defendant.
_____/

## MEMORANDUM OPINION REGARDING
## OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiff, Chippewa County War Memorial Hospital (WMH), filed a complaint against Defendant, Michigan Nurses Association (MNA) in the Chippewa County Circuit Court seeking vacation of an arbitration award. The arbitration award concerned a grievance that MNA filed against WMH alleging violations of the parties' collective bargaining agreement (CBA) arising out of WMH's elimination of the bargaining unit position Case Manager II/Utilization Review Nurse and the creation of, and reassignment of duties to, the non-bargaining unit position of Insurance/Payment Clerk. MNA removed the case to this Court on the ground that the CBA is governed and controlled by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* (ECF No. 1 at PageID.2–3.)

Following removal, the parties filed cross motions for summary judgment. WMH moved to vacate the arbitration award, and MNA moved for enforcement of the award. On January 31, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny WMH's motion for summary judgment, grant MNA's cross-

motion for summary judgment, and enforce the arbitration award. (R & R at 11.) In addition, the magistrate judge recommended that the Court award MNA attorney's fees and costs. (*Id.*)

WMH has filed Objections to the R & R, arguing that the Court should reject the magistrate judge's recommendation both as to the parties' motions for summary judgment and the award of attorney's fees and costs to MNA. MNA has filed a response, and WMH has filed a reply. In addition, MNA has filed a motion to strike WMH's reply as unauthorized by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Michigan. Finally, MNA has filed a separate motion for Rule 11 sanctions.

For the foregoing reasons, the Court, will grant MNA's motion to strike, overrule WMH's Objections and adopt the R & R in all respects, and deny MNA's motion for Rule 11 sanctions as moot.

## I. MNA'S MOTION TO STRIKE

MNA moves to strike WMH's reply brief in support of WMH's Objections, arguing that WMH's reply is authorized neither by Rule 72(b) of the Federal Rules of Civil Procedure, nor by Western District of Michigan Local Civil Rule 72.3(b). WMH responds that, because Local Rule 72.3(b) refers to Local Rule 7.2—the Rule concerning dispositive motions, which permits reply briefs—the Court should conclude that Rule 72.3(b) also permits the filing of a reply. Alternatively, WMH requests that if Local Rule 72.3(b) does not authorize the filing of reply briefs, the Court grant WMH leave to file a reply brief.

Federal Rule of Civil Procedure 72(b)(2) provides, in part:

> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. . . .

2

Local Rule 72.3(b) addresses objections to a report and recommendation, stating in part:

> Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a longer time is prescribed by the magistrate judge or a judge. Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections. Any party may respond to another party's objections within fourteen (14) days afer being served with a copy thereof. Objections and responses shall conform to the page limits for briefs set forth in LCivR 7.2(b). . . .

The plain language of both Federal Rule of Civil Procedure 72(b) and Local Rule 72.3(b) indicates that neither rule contemplates a reply by an objecting party. *See Gimbrone v. Krisher*, No. 2:12-cv-251, 2012 WL 4792396, at *8 (S.D. Ohio Oct. 9, 2012) (noting that "while . . . [R]ule [72(b)] permits the filing of objections and a response, it does not contemplate a reply memorandum by the objecting party"). WMH's argument that Local Rule 72.3(b) permits a reply because it refers to the local rule for dispositive motions is not persuasive. Local Rule 72.3 refers only to Local Rule 7.2(b), which, in turn, provides the page limits for briefs supporting and opposing a dispositive motion. If Local Rule 72.3 contemplated replies, it would most likely refer to Local Rule 7.2(c), which specifies the page limits for reply briefs. Thus, WMH's reply is not authorized under any rule.

As for WMH's request for leave to file a reply brief, WMH has not shown a particularly compelling reason for an additional brief. The pertinent issues, which are fairly limited in this case, were fully briefed by the parties in their motions for summary judgment (which the Court may consider in resolving WMH's Objections), and the parties have each filed 25-page briefs regarding the R & R. Thus, further briefing would not be particularly helpful. WMH's reply will be stricken.

## II. WMH'S OBJECTIONS

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, WMH's Objections and MNA's response, and the pertinent portions of the record, including Arbitrator Hornberger's 27-page Decision and Award, the Court concludes that the R & R should be adopted.

**A.    Arbitrator's Decision**

Based on its review of the R & R and related materials, the Court finds it unnecessary to recount the pertinent background facts and CBA provisions, as they are fully set forth in the R & R.

"When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am., AFL-CIO, Dist. 27*, 913 F.2d 1166, 1169 (6th Cir. 1990). A court's review of the merits of an arbitrator's decision is limited to determining whether "the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 371 (1987). So long as the arbitrator's award "draws its essence from the collective bargaining agreement" and is not merely the arbitrator's "own brand of industrial justice," the award must be upheld. *Id.* at 36, 108 S. Ct. at 370 (internal quotations omitted).

> [T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns [a] construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S. Ct. 1358, 1362 (1960). "A court may not reject an arbitrator's findings of fact 'simply because it disagrees with them.'" *Tenn. Valley Auth. v. Tenn. Valley Trades & Labor Council*, 184 F.3d 510, 515 (6th Cir. 1999) (quoting *Misco*, 484 U.S. at 38, 108 S. Ct. at 371).

In *Michigan Family Resources, Inc. v. Service Employees International Union*, 475 F.3d 746 (6th Cir. 2007) (en banc), an *en banc* panel of the Sixth Circuit overruled *Cement Divisions, National Gypsum Co. v. United Steelworkers of America, AFL-CIO-CIC, Local 135*, 793 F.2d 759 (6th Cir. 1986), and reset Sixth Circuit law pertaining to review of arbitration decisions under the Labor Management Relations Act to conform to the parameters set by the Supreme Court's so-called *Steelworkers* trilogy and the Court's subsequent cases. *Id.* at 751–53. The *Michigan Family Resources* court set forth a three-part "procedural aberration" test:

> Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator "arguably construing or applying the contract"? So long as the arbitrator does not offend any of these requirements, the request for judicial intervention should be resisted even though the arbitrator made "serious," "improvident" or "silly" errors in resolving the merits of the dispute.

*Id.* at 753. The court further stated that "judicial consideration of the merits of a dispute is *the rare exception*, not the rule." *Id.* (italics added). For example, the court explained, "an arbitration decision could be so 'ignor[ant]' of the contract's 'plain language,'" as to make implausible any contention that the arbitrator was construing the contract." *Id.* (quoting *Misco*, 484 U.S. at 38, 108 S. Ct. at 371) (alteration in original). Thus, "in most cases, it will suffice to enforce the award that the arbitrator appeared to be engaged in interpretation, and if there is doubt [a court] will presume that the arbitrator was doing just that." *Id.*

5

WMH does not allege that Arbitrator Hornberger acted beyond the scope of his authority in deciding the grievance or that he committed fraud or other misconduct. As the magistrate judge observed, the only issue is whether Arbitrator Hornberger was arguably construing the contract. The magistrate judge rejected WMH's assertion that the arbitrator ignored pertinent provisions and failed to apply the plain meaning of the CBA. In particular, the magistrate judge concluded that: (1) the arbitrator specifically addressed Article 4 of the CBA (the management rights provision) when he found that Article 48 limited Article 4; (2) although the arbitrator cited only a portion of Article 8, his conclusion that the Utilization Review Nurse position involved bargaining unit work was consistent both with MNA's argument that the position provided "direct patient care" and the qualification in paragraph 8.3 that "Nurses will normally only assume those functions identified as the practice of nursing"; (3) the arbitrator's interpretation and application of Article 48 was consistent with MNA's argument that Utilization Review Nurse position involved direct patient care and the arbitrator specifically applied Article 48 as part of his interpretation of the CBA; and (4) the arbitrator did not fail to apply the plain meaning of the words "purpose" and "erode." (R & R at 6–8.)

WMH's arguments provide no basis to reject the magistrate judge's conclusions in the R & R. First, WMH waived most of the arguments it raises before this Court by not presenting them to the arbitrator. "Generally, arguments not presented to an arbitrator are deemed waived and cannot be raised for the first time in an enforcement action in district court." *Armco Emps. Indep. Fed'n, Inc. v. AK Steel Corp.*. 149 F. App'x 347, 352 (6th Cir. 2005). In its post-hearing submission to the arbitrator, WMH raised only three issues: (1) Article 4 of the CBA gave it the unfettered right to eliminate the Utilization Review Nurse position; (2) WMH complied with the procedure set forth in Article 57 of the CBA in eliminating the Utilization Review Nurse position; and (3) there was no

past practice of negotiating over the elimination of positions. (ECF No. 4-2 at PageID.205–210.) WMH did not argue to the arbitrator, for example, that Article 8.3 shows that the parties agreed that non-nursing, clerical work performed by the Utilization Review Nurse position is not bargaining unit work covered by the CBA.

In any event, regardless of whether WMH waived any argument, this is not "the rare case" described in *Michigan Family Resources* in which the arbitrator's interpretation is "'so untethered to' the terms of the agreement . . . that it would cast doubt on whether the arbitrator indeed was engaged in interpretation." 475 F.3d at 753 (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 512, 121 S. Ct. 1724, 1729 (2001) (Stevens, J., dissenting)) (citation omitted). The arbitrator's decision is sufficiently grounded in the terms of the CBA that there is no indication that the arbitrator was "dispens[ing] his own brand of industrial justice." *Enter. Wheel & Car Corp.*, 363 U.S. at 597, 80 S. Ct. at 1361. In this Court's judgment, whether the arbitrator appeared to be engaged in interpretation is not even close. *See Vic Wertz Dist. Co. v. Teamsters Local 1038*, 898 F.2d 1136, 1142–43 (6th Cir. 1990) ("Although the arbitrator did not identify and discuss each provision in Article 8, it does not appear that he disregarded plain and unambiguous provisions which would mandate a contrary result. . . . Wertz's argument for consideration of other subsections in Article 8 amounts to a request for reinterpretation of the agreement, which we cannot do."). WMH's arguments essentially seek a second bite at the apple, which this Court may not permit. *See Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns Int'l Union*, 973 F.2d 276, 282 (4th Cir. 1992) ("To permit such attempts [for a second chance] would transform a binding process into a purely advisory one, and ultimately impair the value of arbitration for labor and management alike.").

**B.     Attorney's Fees and Costs**

WMH argues that the magistrate judge should not have recommended that the Court award MNA attorney fees and costs. WMH argues that this is not an exceptional case, and the magistrate judge improperly relied on his previous decision in another case in which he awarded MNA attorney's fees against WMH.

Although the National Labor Relations Act does not contain an attorney's fee provision, *see Quick v. N.L.R.B.*, 245 F.3d 231, 256 (3d Cir. 2001), a court may award attorney fees "if a party pursues or defends a lawsuit in bad faith or without justification." *Knollwood Cemetery Ass'n v. United Steelworkers of Am.*, 789 F.2d 367, 369 (6th Cir. 1986) (per curiam). The Court finds no error in the magistrate judge's recommendation to award fees under this exception to the American Rule. As discussed above, *Michigan Family Resources*—decided in 2007—made clear that judicial review of arbitral errors "is the rare exception, not the rule." 475 F.3d at 753. Even a cursory review of the arbitrator's decision reveals that this is not a rare case because the decision "has all the hallmarks of interpretation," *id.* at 754, regardless of whether the arbitrator could or should have reached a different result. As such, this Court concurs with the magistrate judge that "no reasonable attorney could have thought that the challenge to the arbitration award in this case had any merit." (R & R at 10.) More importantly, given the absence of a legitimate basis to challenge the arbitrator's award in the instant case, the Court finds no reason to conclude that the magistrate judge's prior attorney's fee award against WMH improperly influenced his decision in this case.

### III. MNA'S MOTION FOR SANCTIONS

In light of the Court's conclusion that the magistrate judge properly recommended an award of attorney's fees under the "without justification" on in "bad faith" exception to the American Rule,

the Court need not decide MNA's motion for Rule 11 sanctions. Accordingly, the Court will deny MNA's motion for sanctions as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court will: (1) grant MNA's motion to strike; (2) overrule WMH's Objections, adopt the R & R, and deny WMH's motion for summary judgment and grant MNA's cross-motion for summary judgment; and (3) deny MNA's motion for sanctions as moot.

An Order consistent with this Opinion will enter.


Dated: August 11, 2017                                /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE